Filed 5/13/15  P. v. Ramirez CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ALFREDO RAMIREZ,<br><br>    Defendant and Appellant. | B257836<br><br>(Los Angeles County<br>Super. Ct. No. MA062237) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Daviann L. Mitchell, Judge.  Affirmed.

Alan S. Yockelson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, William Shin and Nathan Guttman, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury convicted defendant of one count of second degree robbery (Pen. Code, § 211),[1] with a true finding that defendant personally used a dangerous or deadly weapon in the commission of the offense (§ 12022, subd. (b)(1)). Defendant argues the trial court erred by failing to adequately answer the jury's question whether they needed to find all elements of the offense in order to convict him, thereby lowering the prosecution's burden of proof. We affirm.

## BACKGROUND

On February 26, 2014, defendant and codefendants Aaron Garcia Reynoso and Jose Alberto Lopez Hernandez robbed Demetrio Catalan Sanchez. Defendant was charged in an information filed March 19, 2014, with one count of second degree robbery (§ 211), with the further allegations that the offense was a violent felony within the meaning of section 667.5, subdivision (c) and section 1192.7, subdivision (c), and that defendant personally used a dangerous and deadly weapon, a BB gun, in the commission of the offense within the meaning of section 12022, subdivision (b)(1).[2]

On February 26, 2014, between 5:30 p.m. and 6:00 p.m., Demetrio Catalan Sanchez was walking by himself on Fifth Street and Avenue R in Palmdale. Defendant got out of a large truck, approached Sanchez, took out a gun, and asked for Sanchez's money. When Sanchez responded that he did not have any money, defendant demanded his wallet. Defendant pointed the gun downward at a 45-degree angle. The gun in defendant's hand scared Sanchez. Sanchez believed it was a real gun.

Another man opened the passenger door of the truck (codefendant Lopez Hernandez) and yelled, "Give up the money." Sanchez gave his wallet to defendant. Sanchez's wallet contained approximately $15 to $18, a bank debit card, his driver's

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] Reynoso and Lopez Hernandez were also charged with second degree robbery and the additional offenses of second degree commercial burglary (count 2, § 459) and Reynoso was charged with possession of ammunition in violation of section 30305, subdivision (a)(1). The charges against Reynoso were dismissed, and Lopez Hernandez was found guilty on all counts. Neither codefendant is a party to this appeal.

license, his permanent residency card, his health insurance card, and his Social Security card. Both of the men got back into the truck. Sanchez did not see the driver.

Sanchez called 911. Deputy Travis Ogle responded to Sanchez's call and made a traffic stop of a black Ford Expedition. There were three men in the truck. Codefendant Reynoso was the driver. Defendant was in the front passenger seat. Deputy Ogle conducted a field lineup with Sanchez, who identified defendant as the man with the gun.

Deputy Ogle recovered a pellet gun from the back seat of the truck. A pellet gun can be lethal if the pellet hits the victim in the eye because it can go into the brain. The loading of a pellet gun has the same appearance as the loading of a nine-millimeter weapon. A pellet gun can be used in a nonlethal manner.

Sanchez's wallet was recovered from defendant. Later that day, defendant admitted to Los Angeles County Sheriff's detectives that he had used the BB gun during the robbery.

The jury found defendant guilty of the robbery count and found true the deadly or dangerous weapon enhancement. The trial court sentenced defendant to two years for the robbery, plus one year for the weapon allegation.

## DISCUSSION

Defendant argues the trial court erred by failing to adequately answer the jury's question whether they needed to find all elements of the offense in order to convict him, thereby lowering the prosecution's burden of proof. He contends the error was not harmless because he contested the force or fear element of robbery throughout trial, relying on the fact he pointed the gun downward in a nonmenacing manner, and thus there is a reasonable probability one juror would have voted to acquit if the court had properly clarified the elements of the offense.

3

## A.    Factual Background

The jury was instructed with CALCRIM No. 1600 defining robbery.[3]  During deliberations, the jury asked the trial court, "Do all you have to have all items proven to convict on one count?"  The court referred the jury to the reasonable doubt instruction (CALCRIM No. 220),[4] and to the instruction that they must consider each count separately (CALCRIM No. 3515).[5]  Defense counsel observed that the reference to "'all items'" meant the elements of the offense, and asked whether there was an instruction that stated that each element had to be proved beyond a reasonable doubt.  The court responded, "I think it's not stated the way that you're expressing it.  I can assure you, on my voir dire—I must have discussed it a hundred times, about the peanut butter and jelly sandwich, that each and every element has to be proved beyond a reasonable doubt, but we did not—there's no specific instruction as you're presenting it. . . .  I think you all covered it in your closing arguments, but I think the proper referral would be to—simply to reasonable doubt,  and each crime is charged separately, so they're to evaluate them separately."  Counsel requested the court to instruct the jury in the manner the court did during voir dire.  The court declined to modify the instructions, stating:  "If they can't resolve it and they need additional argument, I will revisit that and give each five minutes, where you can cover that, but I'm hoping, with the reference to instruction 220 and 3515, it will be interpreted the way we all understand it to be."

---

[3] That instruction provided in relevant part that "[t]he defendant used force or fear to take the property or to prevent the person from resisting."

[4] CALCRIM No. 220 defines the reasonable doubt standard.  In relevant part, the instruction states, "A defendant in a criminal case is presumed to be innocent.  This presumption requires that the People prove a defendant guilty beyond a reasonable doubt.  Whenever I tell you the People must prove something, I mean they must prove it beyond a reasonable doubt."

[5] CALCRIM No. 3515 states, "Each of the counts charged in this case is a separate crime.  You must consider each count separately and return a separate verdict for each one."

**B.     Discussion**

The trial court "has a primary duty to help the jury understand the legal principles it is asked to apply." (*People v. Beardslee* (1991) 53 Cal.3d 68, 97.)  When a jury inquires further during deliberations, elaborating on the standard instructions is not always necessary:  "Where the original instructions are themselves full and complete, the court has discretion under section 1138 to determine what additional explanations are sufficient to satisfy the jury's request for information." (*Ibid*.)  In exercising that discretion, the trial court "must at least consider how it can best aid the jury.  It should decide as to each jury question whether further explanation is desirable, or whether it should merely reiterate the instructions already given." (*Ibid*.)

A criminal defendant has the right to have the jury determine every element of the offense beyond a reasonable doubt.  (*U.S. v. Gaudin* (1995) 515 U.S. 506, 522–523 [115 S.Ct. 2310, 132 L.Ed.2d 444].)  An instruction that improperly describes or omits an element of an offense, or that raises an improper presumption or directs a finding or a partial verdict upon a particular element, generally is not a structural error.  (*People v. Flood* (1998) 18 Cal.4th 470, 502–504.)  As with any other instructional error, a "violation of section 1138 does not warrant reversal unless prejudice is shown." (*People v. Beardslee*, *supra*, 53 Cal.3d at p. 97.)

Section 211 defines robbery as "the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."  Either force or fear is sufficient to sustain a robbery conviction.  (*People v. Hays* (1983) 147 Cal.App.3d 534, 541.)  The terms force and fear "have no technical meaning peculiar to the law," and are presumed to be within the understanding of the fact finder.  (*Id.* at p. 543.)  Section 212 delineates the meaning of the term "fear" used in section 211:  "'The fear mentioned in Section 211 may be either:  [¶]  1.  The fear of an unlawful injury to the person or property of the person robbed, or of any relative of his or member of his family; or,  [¶]  2.  The fear of an immediate and unlawful injury to the person or property of anyone in the company of the

5

person robbed at the time of the robbery.'" (*People v. Morehead* (2011) 191 Cal.App.4th 765, 771.)

An earlier version of CALCRIM No. 220 than that given here elaborated on the prosecution's burden and also provided that "'[t]his presumption requires that the People prove each element of a crime . . . beyond a reasonable doubt.'" (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088, fn. 3.) *Ramos* rejected the same contention made here, namely, that instruction with this phrase was constitutionally required. In *Ramos*, the defendant was charged with murder. (*Id.* at p. 1084.) The jury had been instructed with the current version of CALCRIM No. 220, and when the trial judge orally instructed the jury on the elements of murder, it stated that the prosecution needed to prove each of the elements of the charged offense as the court read the elements to the jury. In light of this instruction, *Ramos* concluded that the instructions as a whole adequately informed the jury of its duty to find all elements of the offense beyond a reasonable doubt. (*Ramos*, at pp. 1088–1089.) In *People v. Riley* (2010) 185 Cal.App.4th 754, the defendant was charged with possession of a controlled substance in a penal institution in violation of section 4573.6. However, unlike *Ramos*, the court did not instruct the jury that it needed to prove every element of the charged offense. Nonetheless, *Riley* concluded that the instructions as a whole adequately informed the jury of the necessity to find every element of the offense beyond a reasonable doubt because the trial court had instructed with an instruction that listed each element of the offense as well as with CALCRIM No. 220. (*Riley*, at p. 769.)

Here, a reasonable interpretation of the jury's question is that they were confused whether they need to find every element in order to find defendant (or his codefendant Lopez Hernandez) guilty. Another reasonable interpretation is that the jury could have been confused because codefendant Lopez Hernandez was charged under an aiding and abetting theory, and needed to understand whether all elements of the offense must be proven as to all defendants under such a theory. Given this latter interpretation, which it appears the trial court adopted based on its reference to CALCRIM No. 3515 (jury to

6

consider each count separately), the trial court did not refer the jury to the substantive offense at issue, unlike *People v.* Ramos, *supra*, 163 Cal.App.4th 1082 and *People v. Riley*, *supra*, 185 Cal.App.4th 754. Nonetheless, assuming the jury's question related to defendant's guilt for the count with which he was charged under the first interpretation, we find no error here because like *Riley*, the jury was instructed with all of the elements of robbery by force or fear, as well as with CALCRIM No. 220.

Even if the trial court's instruction was erroneous, reversal is not required because the error was not prejudicial beyond a reasonable doubt. The jury would have not have acquitted defendant of the robbery of Sanchez because defendant admitted he used the gun, and the victim Sanchez testified he believed the gun was real and it frightened him, thus satisfying the element of fear. (*Chapman v. California* (1967) 386 U.S. 18, 25–26 [87 S.Ct. 824, 17 L.Ed.2d 705].)

### DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED.


JOHNSON, J.


We concur:


CHANEY, Acting P. J.


BENDIX, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.